15-2977-cv
Nuchman v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand sixteen.

PRESENT:
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> PETER W. HALL,
> *Circuit Judges.*

---

Phyllis Nuchman,

> *Plaintiff-Appellant*,

v.                                                        15-2977-cv

City of New York and New York City
Department of Education,

> *Defendant-Appellee*.

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Alan E. Wolin, Esq., Wolin & Wolin, Jericho, NY. |
| **FOR DEFENDANT-APPELLEE:** | Richard Dearing, Jason Anton, Assistant Corporation Counsels, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Phyllis Nuchman, a tenured special education teacher, appeals from the district court's order granting summary judgment to defendants, the City of New York ("City") and the New York City Department of Education ("DOE"), on her claims of age and disability discrimination and retaliation and failure to accommodate. The only claims remaining on appeal are against DOE and arise under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We affirm the judgment of the district court substantially for the reasons stated in that court's well-reasoned decision in this case.

In sum, this court reviews *de novo* the district court's grant or denial of summary judgment, "using the same standard as the district court." *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006). Summary judgment is appropriate only where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *Id.*; Fed. R. Civ. P. 56(a). The nonmoving party cannot rely on "mere speculation or conjecture" or "conclusory allegations or denials," but instead must offer specific evidence sufficient to create a genuine issue of material fact. *Hick v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010).

Nuchman's claims for discrimination and retaliation cannot survive summary judgment because they are largely premised on conclusory allegations supported by weak circumstantial evidence. We recognize that in the employment discrimination context, plaintiffs are often "constrained to rely on circumstantial evidence" and the evidentiary burden to establish a *prima*

2

*facie* case is slight, *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (2d Cir. 1994), but once the employer has offered legitimate, nondiscriminatory reasons for its actions, as DOE has done here, tenuous circumstantial evidence will rarely be sufficient to allow a rational factfinder to infer that the employer's reasons were mere pretext for intentional discrimination, *see, e.g.*, *Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 98-99 (2d Cir. 2001). To the extent that Nuchman has established a *prima facie* case with respect to any of her claims, she has not presented sufficient evidence to show that DOE's disciplinary actions against her were not the result of her misconduct, as DOE contends and the record most reasonably suggests, but instead were motivated by discriminatory or retaliatory animus.

As for Nuchman's claims for failure to accommodate, she has presented no evidence to show how any of her accommodation requests that DOE did not grant were necessary for her to perform the essential functions of her job at the Reassignment Center. The ADA "does not require the employer to provide every accommodation the disabled employee may request," *Fink v. N.Y.C. Dep't of Pers.*, 53 F.3d 565, 567 (2d Cir. 1995), but only reasonable accommodations that would permit the disabled employee to perform the "essential functions" of the job, *McMillan v. City of New York*, 711 F.3d 120, 126-27 (2d Cir. 2013).

We have considered Nuchman's remaining arguments and find them to be without merit. For the reasons stated above and by the district court in its decision we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3